**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINA DEL ROSARIO LIMA JACOBO, | Nos. 05-75524 07-70545 |
| Petitioner, | Agency No. A075-501-410 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

In these consolidated cases, Marina Del Rosario Lima Jacobo, a native and

citizen of Guatemala, petitions for review of the Board of Immigration Appeals'

("BIA") orders denying her motions to reopen.  Our jurisdiction is governed by

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion, *Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny in part and dismiss in part petition No. 05-75524, and deny in part and dismiss in part petition No. 07-70545.

The BIA did not abuse its discretion by denying Lima Jacobo's first motion to reopen as untimely, and by denying her second motion as untimely and numerically barred, where both motions were filed more than 90 days after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Lima Jacobo failed to establish changed country conditions in Guatemala to qualify for the regulatory exception to the time and number limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

We decline to reconsider Lima Jacobo's challenge to the agency's underlying adverse credibility determination in her first motion to reopen because this court already decided the issue in *Lima Jacobo v. Ashcroft*, No. 03-73871 (9th Cir. Dec. 13, 2004).  *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the 'law of the case doctrine,' one panel of an appellate court

will not reconsider questions which another panel has decided on a prior appeal in the same case).

Finally, we lack jurisdiction to consider Lima Jacobo's contention in petition No. 05-75524, that she received ineffective assistance of counsel before the immigration judge and was unable to adequately represent herself on direct appeal, because she failed to raise the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676-77 (9th Cir. 2004). Jacobo also failed to exhaust her contention in petition No. 07-70545, that there is a pattern or practice of persecution against women in Guatemala. *See id.*

**No. 05-75524: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 07-70545: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**